# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| JULIUS O. WHITESIDE, | Case No. 2:25-cv-1438 |
| Plaintiff, | District Judge Edmund A. Sargus, Jr. |
| vs. | Magistrate Judge Elizabeth P. Deavers |
| ALLEN FLOWERS, *et al.*, | |
| Defendants. | |

## DEFICIENCY ORDER

Plaintiff, currently housed at the Franklin County Corrections Center II, has filed a *pro se* motion for leave to proceed *in forma pauperis* (Doc. 1) and a Complaint (Doc. 1-1) with this Court. The case has been referred to the Undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and this Court's Amended General Order 22-05. Due to deficiencies with Plaintiff's filings, however, the Court **ORDERS** Plaintiff to correct the following issues within **thirty (30) days** of the date of this Order if he wishes to proceed with this action.

### A. The Filing Fee

First, Plaintiff's motion for leave to proceed *in forma pauperis* is incomplete and not made on this Court's official form. (*See* Doc. 1).

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(a)-(h), a prisoner seeking to bring a civil action without prepayment of fees or security therefor must submit a completed application and affidavit to proceed without

prepayment of fees *and* a certified copy of their trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint obtained from the cashier of the prison at which the prisoner is or was confined. 28 U.S.C. § 1915(a)(2). In this case, Plaintiff's *In Forma Pauperis* application is incomplete. Plaintiff has failed to provide the Court with a certified copy of his trust fund account statement as required by the PLRA[1] and has failed to use this Court's official form and thus has also failed to provide a "Certificate" page (page 8 of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form that is used in this Court) completed and signed by the institutional cashier.

Plaintiff is therefore **ORDERED** to pay $405 ($350 filing fee plus $55 administrative fee) *or* to submit a completed Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, including a certified copy of his prison trust fund account statement (or institutional equivalent) for the preceding six-month period and a "Certificate" page (page 8 of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form that is used in this Court) completed and signed by the institutional cashier **within thirty (30) days**.

**B.    The Complaint**

Second, Plaintiff's Complaint does not conform to Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to contain a "short and plain statement of the

---

[1] Plaintiff has provided a copy of his inmate account statement, but the statement is not signed or otherwise certified by the prison cashier. (*See* Doc. 1, at PageID 3-4). As noted below, a copy of this Deficiency Order will be sent to the cashier of the institution at which Plaintiff is confined.

claim." Fed. R. Civ. Pro. 8(a). Instead, Plaintiff's Complaint names 20 defendants and is 117 pages long, excluding exhibits. (Doc. 1-1). Although a complaint may be dismissed for failing to comply with Rule 8, *cf. Shabazz v. Xerox*, No. 1:14-cv-578, 2014 WL 4181600, at *1, *3 (S.D. Ohio Aug. 21, 2014) (and cases cited therein), the Undersigned will give Plaintiff an opportunity to file an Amended Complaint that conforms with Rule 8(a).

Accordingly, if Plaintiff wishes to proceed in this action, he is **ORDERED** to file an Amended Complaint, **which must not exceed 20 pages in length**, setting forth in clear, short and concise terms the names of each Defendant, the specific claims for relief attributable to each Defendant, and the factual allegations supporting each such claim within **thirty (30) days**. As required by S.D. Ohio Local Rule 5.1, the Amended Complaint should be legible and **double-spaced**. Further, pursuant to Fed. R. Civ. P. 20(a)(2), the factual allegations and claims must arise out of the same transaction or occurrence. If Plaintiff wishes to seek relief based on unrelated claims he must do so in separate actions.

### C.     Conclusion

Accordingly, in sum, if Plaintiff wishes to proceed with this action, he must: (1) pay the $405 filing fee *or* submit a completed *in forma pauperis* application that complies with this Deficiency Order **within (30) thirty days**; and (2) submit an Amended Complaint that complies with this Deficiency Order **within thirty(30) days.**

**If Plaintiff fails to comply with this Order, this case may be dismissed for lack of prosecution.** *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997).

Should Plaintiff need additional time to comply with this Order, he must file a motion for extension of time.

The **CLERK OF COURT** is **DIRECTED** to provide Plaintiff with an Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form ***and*** the standard form complaint for *pro se* prisoners. The **CLERK OF COURT** is further **DIRECTED** to send a copy of this Deficiency Order to the cashier of the institution at which Plaintiff is confined.

Plaintiff is **ADVISED** that he must keep this Court informed of his current address and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO ORDERED.**

December 12, 2025                          *s/ Elizabeth A. Preston Deavers*
                                                        ELIZABETH A. PRESTON DEAVERS
                                                        United States Chief Magistrate Judge